DANIEL H. BALL, Appellant, *v.* MARCELLUS. G. LEONARD, Appellee.

APPEAL FROM BOONE.

Where a bill for discovery is filed, setting up usurious transactions, and asking for a statement of accounts, exhibition of notes, books, etc., the party filing it will not be bound by the agreement of his solicitor, made without his approval, that a statement may be received in lieu of the answer required, especially where the statement accepted is incomplete and unsatisfactory.

A bill of discovery, which sets up usurious transactions, etc., is not an unmeritorious bill.

THE facts of this case are stated in the opinion of the court. The decree in this case was pronounced by I. G. WILSON, Judge.

T. L. DICKEY, for Appellant.

W. T. BURGESS, for Appellee.

WALKER, J. The bill in this case was filed for a discovery, and an injunction, against confessing a judgment on a number of notes held by defendant against complainant, or otherwise proceeding for their collection, until a discovery was made and an account stated. The bill alleges that complainant, at various times, borrowed money of defendant, upon which he had paid large sums of interest, given notes for renewals, for balances, and for interest which had accumulated. That the mode of computing interest was by making short rests of from thirty to ninety days, the rate of interest being, a portion of the time, three, and the remainder at the rate of five per cent. a month. That on the face of the notes there appeared to be due about $1,700, when, in truth, if the interest were computed at ten per cent. per annum, and the payments allowed, the true balance would not exceed six hundred dollars, which complainant offered to pay. That he is unable to state the details of the business, but alleges that defendant has in his possession books, papers, and memoranda, which will show the whole transaction, and prays that they may be produced, and for a full and particular answer under oath.

The attorneys in the case, by agreement, stipulated that an account, when sworn to, purporting to give the dates and amounts of loans and payments of money between the parties, when filed, should be taken as an answer. Such a paper was filed, but in the transcript follows the agreement, which refers to the foregoing account. The want of care or skill, on the

part of the clerk who prepared this transcript, may have been the cause of the confusion in the order in which the papers are inserted, and to that fact, we, perhaps, are authorized to refer the uncertainty as to whether the account set out is the one referred to in the agreement. The paper was sworn to on the third of September, 1859, and appears to have been filed on the 24th of the same month—the same time at which the stipulation was filed. On the same date, a motion was submitted to dissolve the injunction, which the court overruled, and the cause was then referred to the master, to hear and report the evidence to the court in vacation, by the 15th of the following November, by agreement of the parties, and a decree to be rendered and entered as of that term.

At the March term following, the master's report of the evidence was filed. And complainant at that time entered a motion to vacate the order of reference, entered at the previous term, and for a rule on the defendant for a full answer. This motion was based upon the affidavits of John H. Ball and complainant, alleging that the agreement of complainant's attorney to receive the account instead of an answer, was unauthorized, and as soon as they learned the fact, they remonstrated against it, and insisted that he should procure an answer, which he promised to do, and told them they might return home until the last day of the term, which they did. On their return to court at that time, they found that the answer had not been procured, and the case had been referred to the master by agreement. That the attorney was requested to state the facts to the court, and to make an effort to get the order set aside, and to procure a rule for an answer, which he promised he would do, but neglected and failed to make any such motion. That a few minutes before court adjourned for the term, he was again urged to make the motion, and informed that if he did not, some other person would be procured to do so, when he arose in court and withdrew his appearance in the cause, and attempted to have the injunction dissolved. That this sudden withdrawal by his attorney, took complainant by surprise, and it only being about ten minutes before the court adjourned for the term, he had no time to procure other counsel, but that John H. Ball made an ineffectual effort to have the order vacated. This motion was overruled, and the decree entered, from which this appeal is prosecuted.

From what is disclosed by this record, it appears to us that a full answer and discovery by the defendant was necessary to enable the court to determine the rights of complainant. And without his assent, his solicitor had no right to dispense with it. And we do not regard it as at all strange that he should pertinaciously insist that it should be made. This account or state-

ment which was filed in its place, afforded but little evidence that was necessary to a full understanding of the case, while a full and fair answer would have presented the whole of the facts, which the complainant had the right to have from the defendant. Without the answer, it threw the burthen upon the complainant to prove his case, while, if an answer had been filed, it would have afforded the evidence sought by the bill. He had also called for a production of the books and papers in the hands of the defendant, which do not appear to have been produced. Why was it not done, if nothing was concealed? The facts were all in the knowledge of the defendant, and complainant had a right to their discovery, unless he has waived that right by the agreement of his attorney. And we think that his withdrawal under the circumstances disclosed in the evidence, and the repeated efforts which he made to get him to have the agreement set aside, entitled him to have a rule on defendant for a full answer to the bill. He does not seem to have been guilty of *laches*, as he had no time to prepare affidavits after the withdrawal of his attorney before the adjournment of the court, and had been misled by the promise of his attorney that he would make the effort to procure the answer. And the order was only interlocutory, and might have been modified at any time before the final decree was enrolled.

Nor does it amount to a waiver, that the complainant proceeded to take his evidence before the master. This court has held that the complainant may proceed to take his evidence at any time after the bill is filed, and it will hardly be contended that by so doing he waives the right to insist upon an answer, or to object to interlocutory orders improperly entered. The proceeding to take evidence before the cause is at issue, waives no such right.

It is no answer to say that usury is a defense that is odious to the community. It is given by the law, and parties must have the same opportunities to make it, as any other. Courts can make no distinction, but must allow the same facility to every defense which the law has given the party. If the law is unwise or unjust, it must be left to the legislature to afford the remedy, but while it is in force, courts must regard its requirements, and extend to those relying upon it the same means to avail themselves of its provisions, as those of any other law. But in this case, the evidence of two witnesses shows, that defendant computed interest, in some instances at three, and in others, at five per cent. per month, and at the end of thirty, sixty or ninety days, added it to the principal, upon which like interest was computed in the same manner. This evidence stands uncontradicted or unexplained. And we cannot con-

ceive that there is anything unconscionable or unjust in an attempt to avoid its payment. It is oppressive in the extreme, is prohibited by the statute, and we can hardly believe any sane man, whose children were not crying for bread, would ever submit to such terms. Instead of its being unmeritorious, we regard it as a just and proper defense.

The master reports that the notes had been left with him to be used in evidence on the trial, and that he returned them to the court. But the transcript in the case fails to give them, or any portion of them. They, or copies, should have been filed and preserved as a part of the evidence in the case. Not appearing in the record, the presumption is, that they have not been preserved as evidence in the case. This court has repeatedly held, that in chancery causes, all the evidence must, in some manner, be preserved in the record, and on failure to do so, it is error, for which a decree will be reversed.

The decree of the court below must therefore be reversed, with an order that the defendant file an answer to complainant's bill, and the cause is remanded.

*Decree reversed.*